UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| BEULAH MAGGARD, | ) |
| Plaintiff, | ) Civil Action No. 7: 05-257-DCR |
| V. | ) |
| JO ANNE BARNHART, Commissioner of Social Security, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Beulah Maggard (Maggard) and Defendant Jo Anne Barnhart, Commissioner of Social Security (the Commissioner). [Record Nos. 9 and 10] Through this action, Maggard seeks to reverse the decision of an administrative law judge (ALJ) concluding that she was not entitled to a period of disability, Disability Insurance Benefits and Supplemental Security Income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Maggard.

**I.    BACKGROUND**

Maggard filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on March 31, 2003. These claims were denied initially and upon reconsideration. Thereafter, Maggard requested a hearing before an ALJ. On October 20, 2004, a hearing was conducted before ALJ R. Neely Owen. During this administrative hearing,

the ALJ heard testimony from Maggard and Leah Salyers, a vocational expert (VE). Thereafter, the ALJ issued a decision denying benefits to Maggard. [Transcript (Tr.), pp. 15-24] The ALJ concluded that Maggard retained the residual functional capacity to perform a narrowed range of light work. [Tr., p. 23] Maggard's request for review was denied by the Appeals Council on July 22, 2005. [Tr., pp. 5-7]

At the time of the administrative hearing, Maggard was a 34 year-old individual with a ninth grade education and a fourth grade reading level. [Tr., p. 14] She has past work experience as a cook, cashier, stocker, sewing machine operator and waitress. Maggard alleges disability beginning March 2, 2003, due to problems with her back, pelvis, rheumatoid arthritis and migraine headaches. [Tr., p. 57] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Maggard had the residual functional capacity to perform a narrowed range of light work. [Tr., p. 23] He concluded that Maggard was not disabled as defined in the Social Security Act and regulations. [Tr., p. 24]

## II.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. 40420 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. §

416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the

job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## III.   DISCUSSION

Maggard raises two related issues in this action. First, she argues that the ALJ did not accurately represent her educational level to the VE. Specifically, she claims that the "ALJ did not state in the relevant hypothetical to the vocational expert that [her] reading ability is only 4th grade reading level." [Record No. 9, p. 6] Maggard notes that, although she completed the ninth grade, testing by consultative psychologist, Dr. Phil Pack, estimated that she read at a fourth grade level. [Tr., p. 254] Maggard asserts that Dr. Pack's findings were not contradicted by other evidence in the record, but that the ALJ failed to incorporate these findings in his hypothetical to the VE.

In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), the Sixth Circuit reversed the Commissioner's denial of benefits because a faulty hypothetical question did not accurately describe the claimant's abilities. As the Court noted, hypothetical questions posed to VEs for the purpose of determining whether a claimant can perform other work should be a complete and accurate assessment of the claimant's physical and mental state which should include an "accurate portrayal of her individual physical and mental impairments." *Id*. at 239;

*Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987); *Myers v. Weinberg*, 514 F.2d 293, 294 (6th Cir. 1975).

Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Thus, the central question is not whether the hypothetical question posed to the VE recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Services*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779. Moreover, merely because a claimant was diagnosed with a condition does not mean such diagnoses must be included in a hypothetical. The medical evidence must support such a diagnosis and must support a finding that the diagnosis causes functional debilitation. *Id*.

The Sixth Circuit more recently addressed Maggard's argument in *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th Cir. 2004). In *Webb*, the Sixth Circuit held that

> there is some confusing language in *Howard* that could conceivably be viewed as requiring that hypothetical questions include lists of claimants' medical conditions. However, we conclude that, given the facts present in *Howard*, that language is not part of its holding, nor can it be so construed if *Howard* is to be read to be consistent with the holdings of our prior decisions.

*Id*. at 631-32. Thus, the Sixth Circuit has unequivocally stated that the ALJ is *not* required to present an exhaustive list of a claimant's medical or mental conditions to the VE in his hypothetical.

Contrary to Maggard's assertion, the VE did consider her education level. Notably, the administrative record reflects that prior to the introduction of the hypothetical question, the ALJ stated to the VE that:

> [Maggard] has a 9th-grade education. She's indicated she's tried several times to obtain a GED unsuccessfully. Testing by the consultant in this particular case shows her reading at the 4th-grade level.

[Tr., p. 388] The VE agreed that the evidence of record supported the ALJ's summarization of Maggard's education level. The ALJ then informed the VE that, in identifying whether Maggard was capable of performing work, she should consider "an individual of the same age, educational background, and vocational history as this lady." [Tr, p. 391] Thus, the ALJ's hypothetical to the VE properly incorporated Maggard's education level.

Further, if Maggard was concerned that the VE was not considering her proper education level, her attorney could have asked the VE a hypothetical incorporating those findings. Instead, when the ALJ asked whether he had left something out of the hypothetical and whether the attorney wanted to asked any questions, Maggard's counsel responded, "[n]o sir." [Tr., p. 393] Thus, the attorney did not inquire whether the VE had considered the proper education level of the Claimant.

Next, Maggard argues that the ALJ incorrectly determined that she had a "limited" rather than a "marginal" education. [Record No. 9, p. 6] The Commissioner asserts and this Court

agrees that any mistake regarding Maggard's educational level does not alter substantial evidence in support of the ALJ's finding that she was not disabled.

> The regulations define a limited education as:
>
> ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.

20 C.F.R. § 416.964(b)(3). Marginal education" is defined as:

> ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education.

20 C.F.R. § 416.964(b)(2). In determining Maggard's disability status, the ALJ relied on Rule 202.17 of the Medical-Vocational Guidelines as a guide. 20 C.F.R. Pt. 404, Subpt. P, App. 2. Rule 202.17 directs a conclusion of not disabled where a claimant has a residual functional capacity to perform light work as a result of a severe medically determinable impairment or impairments, is a younger individual (age 18-49), has a *limited education or less* (at least literate and able to communicate in English), and no or only unskilled previous work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2 (emphasis added). Thus, even if Maggard's educational level was "marginal" instead of "limited," the ALJ's reliance on Rule 202.17 was proper inasmuch as it applies to those individuals with a "limited education or less." Rule 202.17 accurately incorporates Maggard's education level.

In addition, because Maggard's characteristics did not identically match the description set forth in Rule 202.17 (*i.e.*, she did not possess the RFC to perform a full range of light work), the ALJ also relied on the testimony of a vocational expert. The VE provided testimony that

Maggard could perform several different jobs. As noted above, the ALJ accurately described Maggard's abilities, including her education levels, in the hypothetical question the VE. Therefore, the Court finds that substantial evidence supports the ALJ's determination that Maggard is not disabled.

### IV. CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that substantial evidence supports the ALJ's opinion. Accordingly, it is hereby

**ORDERED** as follows:

1. The Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 13th day of February, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge